## No. 812

### KOELLIKER v. WILLARD

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6746. Decided May 17, 1926.

**1040. RESTRICTIONS—Where there is no general plan, restrict only particular premises therein described.**

Appeal from Common Pleas.
Petition dismissed.

L. S. Mills, Cleveland, for Koelliker.

R. G. Curren, Cleveland, for Willard.

PER CURIAM.

The Cuyahoga Common Pleas perpetually enjoined plaintiff from using, for street purposes, or for any other purpose other than residential purposes, lot number 18, owned by him, adjoining a lot which plaintiff purchased from defendant, on the ground that like restrictions were imposed on the lot which defendant retained and now wishes to use, in part, for street purposes for public use, to reach other property of defendant which is being improved.

Plaintiff maintains that, inasmuch as defendant sold all the lots that he could under a general plan of restriction as to particular uses and especially for residential purposes only, he is not in a position to claim that sublot No. 18, which he reserved to himself, is unrestricted.

The record does not reveal any general plan of restriction, as in plaintiff's deed, as well as the other deeds executed by defendant to the various lot purchasers, and there is no reference to any other lots. The grantor does not bind himself to anything. The force of the provisions relating to the restriction contained in plaintiff's deed merely limited the use to which the grantee was to put the particular lot.

The deed, delivered to the plaintiff, is merely a contract between the parties and restricts only the particular premises therein described. There is no general plan covering the entire allotment. Lot No. 18 was not disposed of and was not subject to restrictions. If any restrictions were to be imposed on lot No. 18, it would have to be by virtue of something other than a general plan of restrction or a special agreement between the parties. There can be no restriction by implication. There is no evidence of any agreement by defendant to restrict the use of lot 18 for residential purposes only.

It was claimed that an agent of defendant, who sold the lot to plaintiff, stated that all the lots would be covered by similar restrictions. There was no authority, on the part of the agent, to make such statements. The owner would not be bound by any unauthorized statements made by the agent, but is governed by the language of the restrictions in the deed.

Relief asked for by plaintiff denied and petition dismissed.

(Levine, PJ., Sullivan and Vickery, JJ., concur.)